## Biddle Estate

*High, Swartz, Flynn & Roberts,* for petitioners.

FORREST, J. (thirty-eighth judicial district, specially presiding), October 25, 1950.—The executors of decedent's will have filed their petition entitled "Petition for leave to sell real estate for payment of debts". Insufficiency of the personal estate and rents of real estate to pay debts, and necessity to sell real estate to pay them, are averred. There are attached copies of the inventory and appraisement, and of the statement of debts and deductions filed for inheritance tax pur-

poses. The sale is to be private, and affidavits of two appraisers justify the price as fair and better than could be obtained at public sale.

All allegations and supporting documents required for a petition under section 16 of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §551 et seq., to sell real estate at private sale for the payment of debts, are contained in this petition. The prayer of the petition rests it upon secs. 543 and 546 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.543 and §320.546. As decedent died on March 13, 1950, the Fiduciaries Act of April 18, 1949, controls.

In the interests of clarifying some of the changes in procedure under the new act, where the personal representative seeks to sell real estate, we point out the following: There no longer exists any such proceeding as a "sale of real estate for payment of debts". Not only is such a proceeding no longer necessary, but it would be definitely contra the changed statutory policy toward real estate. Whereas formerly a personal representative without a testamentary power could not sell real estate unless authorized by the court, he is now free to do so under section 541. In the ordinary case no application to the court is necessary at all.

Because of the broad powers given in section 541 over real as well as personal property, personal representatives are to be encouraged to use them. An application to the court under section 543 should be restricted to cases set forth therein. If recourse to section 543 is to be automatic, section 541 will soon become atrophied. Just because the commissioners' comment to section 543 mentions that it takes the place of section 16 of the 1917 Act, it is not to be construed as requiring an application to the court in every case where the reason for selling real estate is to raise money to pay debts. Were that the legislative intent, it would have been expressed by including in the excep-

tion in section 541 such sales as well as testamentary restrictions. And section 543 would have been written to make a petition under it not merely permissive under the circumstances stated, but mandatory in every case of a sale for debts—a circumstance not mentioned by that description.

The commissioners' comment is to be construed with the reference in the text to *"the effect of a judicial sale"*. (Italics supplied.) That was the effect of a sale under section 16 of the 1917 act. Often there are liens on the real estate as of decedent's death, and unless they can be divested by the sale it would become impossible or futile as far as accomplishing anything in the administration of the estate goes. To that end, recourse to section 543 of the 1949 act is essential, for section 541 will not serve the purpose. And in that respect, section 543 provides the relief formerly provided by section 16 of the 1917 act. But because section 16 of the 1917 act was the sole source of statutory power to sell real estate to pay debts, and section 543 of the 1949 act is, to the extent mentioned, its successor, it does not follow that now all sales of real estate for that purpose be under section 543 to the exclusion and disregard of section 541.

In this case the petition refers to section 543 but contains no averment of any fact or circumstance showing why application to the court need be made. Whether the motive for the sale be to raise money to pay debts, liquidate for distribution, or for any other purpose, none of the situations expressly set forth in the act obtains here. There is nothing anywhere in the Fiduciaries Act of 1949 which here would prohibit reliance on the powers given in section 541. The power is not denied by any provision in the will; on the contrary, the will gives the (now superfluous) power to sell and even directs that first choice be given this very purchaser. Paragraph 9 of the petition avers that there

are no recorded liens against the real estate. No reason appears why the effect of a judicial sale "is advisable".

So as far as section 543 is concerned, and to the extent that the petition seeks approval of the court to sell for payment of debts, it should be dismissed and the executors should be referred to their powers under section 541 as being wholly adequate.

It might be pointed out that even if recourse to section 543 were justified, forms of petitions prepared under section 16 of the 1917 Act should not be copied. There is no necessity now to establish the insufficiency of the personal property and rents of real estate to pay debts. Whereas formerly that was a required jurisdictional preliminary to further action, it is now of no moment. The circumstances under which the orphans' court can order a sale have been discussed above. The extent of the personal property and rents of the real estate are of no consequence. Hence it is superfluous, indeed quite irrelevant, to include any averments on these points and to attach copies of inventories and debts. To make out a case for action by the court, section 16 of the 1917 Act should be forgotten and attention confined to the provisions of section 543.

The title of this petition does not call attention to its dual purpose. Aside from the sale being to pay debts, and to accomplish which section 541 is deemed adequate, the purchaser is a coexecutor. That raises an entirely different question. Section 546 of the Fiduciaries Act of 1949, referred to in the petition, was enacted to cover such a circumstance.

The coexecutor purchaser is one of the three children of decedent all of whom he appointed as executors and who all qualified. As already indicated above, decedent expressly directed that this son be given "first choice" to purchase any real estate to be sold at private sale. Hence according to the will itself, the executors, when

selling this real estate at private sale, could not do otherwise than to give their brother first choice. He could not be deprived of that choice on grounds that he is a cofiduciary, because he was so appointed by the same will which gave him the priority as purchaser. The testator himself took this case out of the ordinary category of "self-dealing" cases. In that sense it is unnecessary to seek approval of the court for selling to a coexecutor, as the court would have no authority to deny him the right he has under the will.

But the question of price is open and rights of creditors are also involved. Not only is the personal estate with the rents of the real estate insufficient to pay debts, but the estate as a whole appears insolvent. Hence petitioners have ample justification to submit the sale to the control of the court so that creditors can be protected against possible sale at an inadequate price. We speak generally and without implying that the price offered is less than full market value. Section 546 expressly states that the authority therein granted may be availed of "in addition to any right conferred by a will". So the existence of a provision in the will is no deterrent to application of section 546. The petition will be construed as under section 546 and an appropriate preliminary decree will be entered.

Counsel for petitioners are not to construe this opinion as intending any criticism. The changes in the law were extensive and of recent date. The breaking in period has only just begun. It is entirely natural that many of the improvements in practice will require time and experience before they can be expected to function smoothly.

### Preliminary Decree

And now, October 25, 1950, upon consideration of the within petition under section 546 of the Fiduciaries Act of 1949, a hearing thereon is fixed for Friday, November 17, 1950, at 10 a.m., in the orphans' court

room. Notice of the filing of the petition and of this opinion and decree shall be given by counsel for petitioners to all unpaid claimants and to all beneficiaries under the will, by registered mail.